# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

MICHAEL POE,

                Plaintiff,

v.                                                  Case No. 22-CV-880

CITY OF MILWAUKEE,
SERGEANT CHANCE BAMBA,
OFFICER WILLIAM MAUCH,
OFFICER NORA BURLO,
OFFICER OLIVIA OHLSON,
OFFICER DANIEL SCHAEFER, and
OFFICER JAMES TERRELL,

                Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, OFFICERS WILLIAM MAUCH, NORA BURLO, DANIEL SCHAEFER, OLIVIA OHLSON AND JAMES TERRELL, TO PLAINTIFF'S COMPLAINT

NOW COMES the defendants, Officers William Mauch, Nora Burlo, Daniel Schaefer, James Terrell, and Olivia Ohlson by its attorneys, Tearman Spencer, City Attorney, represented by Christopher P. Jackson, Assistant City Attorney, and as and for an answer to the plaintiff's complaint, admit, deny, allege and state as follows:

## I.    INTRODUCTION

      1.    This is a civil rights action under 42 U.S.C. § 1983 to redress the deprivation under the color of law of Plaintiff's rights to be free of excessive force and unlawful detainment and for equal protection under the laws as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

      **RESPONSE**:  Deny that excessive force was exercised upon the plaintiff or that the plaintiff was in any way deprived under the color of law plaintiff's rights to be free

of excessive force; deny that the plaintiff was unlawfully detained or in any way deprived under the color of law of plaintiff's rights to be free of unlawful detainment; deny that the defendants were under the color of law and deprived of plaintiff's rights to equal protection under the law as secured by the Fourth and Fourteenth Amendments of the United States Constitution; assert that whether this case is a "civil rights action" is a legal conclusion, to which these answering defendants need not respond further; and deny any remaining allegations.

## II.     JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

**RESPONSE**: This allegation calls for a legal conclusion, to which these answering defendants need not respond further.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events and conduct giving rise to the Plaintiff's claims asserted herein occurred within this judicial district.

**RESPONSE**: This allegation calls for a legal conclusion, to which these answering defendants need not respond further.

## III.    PARTIES

4.     Michael Poe, date of birth August 21, 1976, was 44 years old and at all times relevant hereto was an adult citizen of the United States living in Milwaukee, WI. Poe suffered severely on April 14, 2021, as a result of the Defendants' unlawful conduct as alleged herein. Poe is African American.

**RESPONSE**: Defendants lack sufficient information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny same.

5.     Defendant City of Milwaukee ("Milwaukee"), with offices of its executive at 200 E. Wells Street, Milwaukee, WI 53202, is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Milwaukee established, operated, and maintained Milwaukee Police Department ("MPD") at all times material hereto; Milwaukee is ultimately responsible for the training, supervising, and discipline of MPD employees and the creation and implementation of its policies and procedures through its Chief of Police, and had ultimate control and authority over MPD and all Defendants, and pursuant to Wis. Stat. § 895.46, is obligated to indemnify all Defendants in this action.

**RESPONSE**:  Admit that the City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin; deny that the City of Milwaukee "established, operated, and maintained Milwaukee Police Department all times material hereto"; deny that the City of Milwaukee is "ultimately responsible for the training, supervising, and discipline of MPD employees and the creation and implementation of which policies and procedures through its Chief of Police"; deny that the City of Milwaukee has "ultimate control and authority over MPD and all defendants"; and assert that all remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

6.     Defendant Sergeant Chance Bamba ("Bamba") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Bamba was a sergeant with MPD at all times relevant to this action and was acting under color of law and within the scope of his employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**:  Admit that Defendant Sergeant Chance Bamba is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Bamba was a sergeant with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

7.     Defendant Police Officer William Mauch ("Mauch") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Mauch was a police

officer with MPD at all times relevant to this action and was acting under color of law and within the scope of his employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**: Admit that Defendant Police Officer William Mauch is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Mauch a police officer with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

8. Defendant Police Officer Nora Burlo ("Burlo") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Burlo was a police officer with MPD at all times relevant to this action and was acting under color of law and within the scope of her employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**: Admit that Defendant Police Officer Nora Burlo is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Burlo was a police officer with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

9. Defendant Police Officer Olivia Ohlson ("Ohlson") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Ohlson was a police officer with MPD at all times relevant to this action and was acting under color of law and within the scope of her employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**: Admit that Defendant Police Officer Olivia Ohlson is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Ohlson was a police officer with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

4

10. Defendant Police Officer Daniel Schaefer ("Schaefer") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Schaefer was a police officer with MPD at all times relevant to this action and was acting under color of law and within the scope of his employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**: Admit that Defendant Police Officer Daniel Schaefer is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Schaefer was a police officer with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

11. Defendant Police Officer James Terrell ("Terrell") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Terrell was a police officer with MPD at all times relevant to this action and was acting under color of law and within the scope of his employment with the MPD or Milwaukee at all times relevant hereto.

**RESPONSE**: Admit that Defendant Police Officer James Terrell is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin; admit that Defendant Ohlson was a police officer with MPD at all times relevant to this action; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

IV. **GENERAL FACTUAL ALLEGATIONS**

A. **BACKGROUND**

12. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**: Restate as if fully stated herein the above answering paragraphs.

13. Violence by law enforcement against African American people in the United States is a national crisis. See Jennifer Bjorhus & MaryJo Webster, *Convicted But Still*

*Policing,* StarTribune (Oct. 1, 2017, 12:00 AM), http://www.startribune.com/
Minnesota-police-officers-convicted-of-serious-crimes-still-on-the-job/437687453/;
Amanda Claire Curcio & Hunter Field, *Deadly Force: In 6 years, 53 blacks shot by
police in Arkansas, Arkansas Online* (Mar. 13, 2017, 4:30 AM),
http://www.arkansasonline.com/news/2017/mar/13/6-years-53-blacks-shot/; Wesley
Lowery, *Police are still killing black people. Why isn't it news anymore?,* Wash.
Post (Mar. 16, 2018), http://wapo.st/2p9NwyW?Tid=ss_sms-amp; Carol
Marbin Miller, *Fight Club:  A Miami Herald Investigation Into
Florida's Juvenile Justice System,* Miami Herald,
http://www.miamiherald.com/news/special-reports/florida-prisons/article176773291.html;
Ben Montgomery, *Why Cops Shoot,* Tampa Bay Times (Apr. 5, 2017),
http://www.tampabay.com/projects/2017/investigations/florida-police-shootings/why-cops-
shoot/; Eugene Scott, *Police Shootings of unarmed black people have not
ended.  But top-level political conversations about them have.,* Wash.
Post (March, 2018) http://wapo.st/2FxiQG0?tid+22_sms-amp.

 **RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

 14.     In July of 2016, the Washington Post began tracking all police shootings,
since 2015, wherein a police officer, in the line of duty, shot and killed a civilian. See
Julie Tate et al., *How The Washington Post is Examing police shootings in the United States,* Wash.
Post (July 7, 2016). https://www.washingtonpost.com/national/how-the-washington-post-is-
examing-police-shootings-in-the-united-states/2016/07/07/d9c52238--13ad-11e6-8856-
f26de2537a9d.story.html?utm_term+.c377a9bae1t7.

 **RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

 15.     According to the Washington Post's data, since January 1, 2015, 233
people have been shot and killed by a police officer while unarmed.

 **RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

16.     This imbalance in violence against African Americans by police officers is particularly rampant in the State of Wisconsin. Mesic et al., *The Relationship Between Structural Racism and Black-White Disparities in Fatal Police Shootings at the State Level,* 110, Journal of the National Medical Association, 106, 110 (2018).

**RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

17.     In Wisconsin, over fifteen unarmed African Americans are shot by police officers for every individual unarmed white person shot by a police officer. *Id.*

**RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

18.     The specific ratio of unarmed African Americans shot by police in Wisconsin compared to unarmed white people shot by police in Wisconsin is 15.91:1. *Id.*

**RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

19.     This ratio – 15.91:1 – is the second highest ratio in the entire country and is over three times the national average of 4.53:1. *Id.* at 111.

**RESPONSE**:  Assert that this paragraph contains statements and conclusions,

legal or otherwise, to which these answering defendants need not respond further.  To

the extent the court requires an answer to same, deny.

20.     Compounding this issue, Wisconsin outranks the rest of the country in its State Racism Index score-a numerical representation of structural racism. *Id.* at 110.

**RESPONSE**: Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

21. Thus, tragically, both economically and socially, Wisconsin is a particularly hostile location for African Americans in general, and specifically with regards to their interactions with police and police violence.

**RESPONSE**: Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

22. On February 22, 2017 a class action, U.S.D.C. Eastern District of Wisconsin Case No. 17- CV-00234-JPS, was filed against Milwaukee alleging Milwaukee's policies, practices, and customs related to stops and frisks by MPD violated the United States Constitution by: (1) authorizing MPD officers to stop people without individualized, objective, and articulable reasonable suspicion of criminal conduct in violation of the Fourth Amendment to the U.S. Constitution; (2) authorizing MPD officers to frisk people without individualized, objective, and articulable reasonable suspicion that the person is armed and dangerous in violation of the Fourth Amendment to the U.S. Constitution; and (3) sustaining stops and frisks of African American and Latino people that involve racial and ethnic profiling, or are otherwise motivated by race and ethnicity, rather than reasonable suspicion of criminal conduct in violation of the Fourteenth Amendment to the U.S. Constitution, among others.

**RESPONSE**: Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

23. The City of Milwaukee's police officers, including the individual Defendants, are allegedly trained, including the MPD's Standard Operating Procedures, that, among others:

    a. The use of force by a police member must be objectively reasonable. Police members shall use only the force necessary to effectively maintain control of a situation and protect the safety of police members and the public.

    b. Force intended or likely to cause great bodily harm may only be used if

8

reasonable under all the circumstances, then existing to prevent great bodily harm or death to the officer or a third party.

c.  Any officer who personally observes another officer using force, which the observing officer believes to be beyond that which is objectively reasonable under the circumstances, shall reasonably attempt to intervene to prevent the use of such excessive force, if the observing officer is in a position to do so, and if any such intervention does not jeopardize safety. **A failure to intervene in any unreasonable use of force, when there is an opportunity to do so, demonstrates a lack of courage, and a violation of the Code of Conduct**.

d.  Arrest is defined as "[t]aking or detaining of a person by word or action into custody so as to subject their liberty to the actual control and will of the person making the arrest."

e.  Probable Cause is defined as "[t]hat quantum of evidence which would lead a reasonable police officer to believe that the Defendant committed a crime."

f.  An officer may make an arrest without a warrant if the officer has probable cause to believe a person is committing or has committed a crime.

g.  Race should not determine the decision to arrest or not arrest.

**RESPONSE**:

a.  Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

b.  Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

c.  Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

d.  Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the

9

extent the court requires an answer to same, deny.

      e.    Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

      f.    Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

      g.    Assert that this paragraph contains statements and conclusions, legal or otherwise, to which these answering defendants need not respond further. To the extent the court requires an answer to same, deny.

## B.    UNLAWFUL DETAINMENT, EXCESSIVE USE OF FORCE, AND DETENTION OF POE.

24.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**: Restate as if fully stated herein the above answering paragraphs.

25.    On April 14, 2021, at around 4:15 p.m., Poe arrived at his members only cigar lounge ("the lounge") at 504 E. Center St. Milwaukee, Wisconsin, where several other individual members of the cigar lounge met to socialize, smoke cigars and watch a basketball game together.

**RESPONSE**: Lack sufficient information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny same.

26.    Poe briefly left the lounge to go to the bank but returned to the lounge by 5:15 p.m.

**RESPONSE**: Lack sufficient information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny

same.

27.    While watching the basketball game at the members only lounge with his friends, Poe heard a loud bang and saw dust coming from the ceiling. Another member and good friend of Poe told Poe he had just been shot.  Poe saw the blood gushing from his friend's leg.

**RESPONSE**:  Lack sufficient information and knowledge necessary to form a

belief as to the truth or falsity of the allegations contained therein, and therefore deny

same.

28.    Poe and another member of the lounge immediately transported their friend to the emergency room.  Poe's uninjured friend drove, while Poe rode in the passenger seat with the injured man in the back seat.  They drove to St. Mary's Hospital in Milwaukee, Wisconsin.

**RESPONSE**:  Lack sufficient information and knowledge necessary to form a

belief as to the truth or falsity of the allegations contained therein, and therefore deny

same.

29.    Upon arriving at St. Mary's Hospital, Poe was cooperative with the police officers on the scene, polite during his interactions, responsive to preliminary questioning, and repeatedly explained what happened, which was consistent with same explanation the others received from the other member of the lounge -who had been separated from Poe during this initial phase on inquiry.  Poe is a licensed conceal and carry citizen and alerted the police officers on the scene that he was carrying a weapon.

**RESPONSE**:  Lack sufficient information and knowledge necessary to form a

belief as to the truth or falsity of the allegations contained therein, and therefore deny

same.

30.    Officer Burlo asked Poe to raise his arms so that she could remove his weapon from his waistband.  Poe complied with [sic] any resistance.  She removed the weapon, cleared it, and then placed it in her police wagon. Officer Burlo then began to run the information for all of the people she had spoken to on her police computer.

31.    Poe sat in the waiting room of the hospital discussing the events of the evening with Milwaukee police officers and hoping to hear news of his friend's condition.  During this time period, Officers Ohlson and Mauch stood across from Poe engaging in light

11

conversation, discussing the events of the evening, while Poe sat calmy [sic] on a bench area making no attempt to leave, being fully cooperative with the officers standing in front of him, responding to all inquiries and generally conducting himself as a concerned friend and upstanding citizen.

32.     After almost an hour passed during this encounter with Poe, Mauch received a phone call from his Sergeant, Sergeant Chance Bamba. Sergeant Bamba told Officer Mauch there was another shooting victim at Mount Sinai Hospital and that Poe should be questioned further about the events of the evening. After the phone call, Mauch ordered Poe to remove himself from the bench where he was sitting for the last hour because he was going to be detained in the back of a police car.

33.     Poe expressed a desire not to sit in the back of a police vehicle for further questioning and explained that he was willing to continue their conversation in the lobby area of the hospital. After Officers Ohlson and Mauch escalated the situation insisting Poe comply with their orders to remove himself from peacefully sitting in front of them to the back of police car, Poe stated "I'm just telling you this, it's not gonna happen. I'm not sitting in the back of nobody car. I brought my friend to the hospital because he was shot."

34.     Officers Mauch and Ohlson again told Poe that he had to come with them to the back of the police vehicle. Officer Mauch stated that they had "reasonable suspicion that a crime had been committed."

35.     Poe responded that he had been cooperating to this point and there was no reason that he should be forced to sit in the police car. Poe reminded the officers that he had reported his legal possession of a firearm, allowed the police to search him for his gun, as he had been advised to do in his concealed carry weapons class.

36.     Mauch and Ohlson told Poe that he did not have an option on whether he was going to sit in the back of the police vehicle. Mauch threatened Poe that he was either going to walk out of the hospital or get carried out of the hospital in handcuffs.

37.     Mauch and Ohlson walked over to Poe in an attempt to forcibly lift Poe to his feet. Poe stated that he was not going to be carried out. Officer Ohlson berated him saying, "stop, stand up, let's go, come on."

38.     At this point Poe once again expressed a desire to not sit in the back of a police vehicle and stated that "I'm not going out like that" to Mauch and Ohlson.

39.     Mauch and Ohlson ignored Poe's request to remain seated in the emergency room and instead further escalated the nature of the peaceful encounter with a fully cooperative citizen who had just rushed his close friend to the emergency room after being shot from an unknown assailant. After close to a minute of struggling with Poe the other officers arrived.

40.     Upon arrival, Burlo began yelling at Poe to cooperate and engaged with Mauch and Ohlson forcibly move Poe into a compliant, pinned position attempting to handcuff him.

41.     Upon arrival, Officers Schaefer and Terrell next engaged Poe, violently moving Poe's arms, against his will to place them behind his back. Bringing the total of police officers attempting to forcibly move Poe to five.

42.     All five of the police officers forced Poe to stand up. Once up, they ran him several yards across the emergency room then tackled him to the ground in the lobby of the hospital, placing their weight on him to break their fall.

43.     All five Officers remained on his back and legs until they were able to place Poe in handcuffs.

44.     The police officers next forcibly lifted Poe into a standing position and pushed him out of the hospital with Defendant Mauch and Defendant Ohlson on each side of him, holding his arms even though he was handcuffed at this time. Officer Burlo was in front of him yelling at him that he had to cooperate and calm down.

45.     Poe was locked in the back of Officer Burlo's police vehicle in handcuff s so that he could "cool down" according to the Defendants.

46.     During this initially peaceful encounter and as the officers escalated it into a violent takedown ending in the back of squad for Poe, none [sic] read Poe his Miranda rights. No one informed him that he was being arrested.

47.     Poe expressed how he felt like he had been disrespected during this encounter as he was locked in the back of the police vehicle.

48.     The named officers shortly thereafter were advised Poe was not a suspect of the shooting and that his friend had been shot by a person in the apartment above the cigar lounge. The shooter shot through his own leg and the ceiling and into the leg of Poe's friend.

**RESPONSE TO PARAGRAPHS 30 through 48**: Regarding the allegations

contained therein, these answering defendants deny that the plaintiff was subjected to

an unlawful detainment, as alleged or otherwise; deny that the plaintiff was subjected

to use of excessive force, as alleged or otherwise; and deny that the plaintiff was

subjected to an unlawful detention, as alleged or otherwise; deny that any officer

observed any other officer engaged in any unlawful activity, and failed to intervene to

13

stop said unlawful activity, as alleged or otherwise; at this stage of litigation, lack

sufficient information and knowledge necessary to form a belief as to the truth or

falsity of any remaining allegations, and therefore deny same.

### C. DEFENDANTS COLLABORATE TO CONCEAL THEIR ILLEGAL ARREST AND USE OF EXCESSIVE FORCE AGAINST POE.

49.     After Poe was taken into the police vehicle, the Defendants began to recount the events that had just unfolded.

50.     With Poe in the vehicle, Officer Mauch told Sergeant Bamba that he had used force to arrest Poe and asked his superior officer if Poe should receive a citation for resisting arrest.  Sergeant Bamba told him not to issue the citation.

51.     Officer Ohlson stated that she discussed the use of force with Sergeant Bamba, and he did not say anything after that. She never spoke with Sergeant Bamba about the events again.

52.     Sergeant Bamba told Officer Mauch that Poe fell to the floor on his own, despite all five police officers forcibly lifting him to a standing position, pushing across the room and tackling him to the ground.

53.     Officer Schaefer did not discuss the use of force/take down and unlawful arrest with Sergeant Bamba afterwards.

54.     While debriefing with Sergeant Bamba, Officer Terrell thought a resisting arrest citation was in order and felt like Sergeant Bamba was trying to smooth over the use of force that occurred.

55.     During Officer Burlo's conversation with Sergeant Bamba, he advised her that it was not a use of force, and that no citation would be issued.

56.     Despite force being clearly used in the body cam and bystander video evidence reflecting the interactions between Poe and responding defendant officers, not a single one filed a use of force report.

57.     Poe was eventually released from the back of the police car, uncuffed, firearm returned to him, and released from the scene without charges.

**RESPONSE TO PARAGRAPHS 49 through 57**:  Regarding the allegations

contained therein, this answering defendant denies any collaboration to conceal an

14

illegal arrest, as alleged or otherwise; denies that an illegal arrest occurred, as alleged or otherwise, denies any collaboration to conceal any use of excessive force, as alleged or otherwise; denies that the plaintiff was subjected to any use of excessive force, as alleged or otherwise; denies that any officer observed any other officer engaged in any unlawful activity, and failed to intervene to stop said lawful activity, as alleged or otherwise; at this stage of litigation, lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

## V.   FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS- VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

58.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**:  Restate as if fully stated herein the above answering paragraphs.

59.    At all relevant times herein, the above-named Defendants, were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Poe of his constitutional rights.

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.

60.    The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.

61.    Defendants violated Poe's right to equal protection of the laws under the Fourteenth Amendment, by unlawfully discriminating against Poe on the basis of his race when they, among other things, instead of allowing him to sit in the hospital lobby and continue talking to them as he was previously, they utilized unlawful and excessive force against Poe as they forced him out of his seat, tackled him, and unlawfully detained him.

15

**RESPONSE**: Deny that the defendants violated plaintiff's right to equal protection of the laws under the Fourteenth Amendment; deny that the defendants unlawfully discriminated against the plaintiff on the basis of his race; deny that the defendants utilized unlawful and excessive force against the plaintiff; deny any and all remaining allegations.

62.    Defendants violated Poe's right to equal protection of the laws under the Fourteenth Amendment through omission as well. Each Defendant Officer on the scene had a duty to intervene on behalf of Poe, whose constitutional rights were being violated in the presence of the Defendant officers, by others acting under the color of state law.

**RESPONSE**: Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond other than as follows: deny that defendants violated the plaintiff's rights to equal protection of the laws under the Fourteenth Amendment, as alleged or otherwise; deny that any defendant officers on the scene had a duty to intervene on behalf of the plaintiff under the circumstances as they existed; deny that the defendants violated the plaintiff's constitutional rights, as alleged or otherwise.

63.    The Defendant Officers each failed to intervene or take any other reasonable steps to prevent the deprivation of Poe 's rights by fellow MPD officers.

**RESPONSE**: Assert that the allegations contained therein calls for legal conclusions, to which these answering defendants need not respond other than as follows: deny that that the defendant officers deprived the plaintiff of his constitutional rights, as alleged or otherwise; deny that the defendant officers failed to intervene or take reasonable steps to prevent the deprivation of plaintiff's constitutional rights.

64.    Their unlawful conduct achieved a discriminatory effect against Poe.

16

**RESPONSE**: Deny that the defendants engaged in an unlawful conduct against the plaintiff; deny any remaining allegations.

65. At all times material, the individual Defendants were acting under the color of the statutes, customs, ordinances, and usage of the Milwaukee and MPD and were acting in the scope of their employment.

**RESPONSE**: Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further. To the extent the court requires an answer, deny.

66. That the described conduct of the part on the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

**RESPONSE**: Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further. To the extent the court requires an answer, deny.

67. The Defendant, Milwaukee, is liable pursuant to Wis. Stat. § 895.46 for payment if any judgment against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**RESPONSE**: Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further. To the extent the court requires an answer, deny.

## VI. SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS MAUCH, BURLO, OHLSON, SCHAEFER, AND TERRELL-EXCESSIVE FORCE.

68. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**: Restate as if fully stated herein the above answering paragraphs.

69. At all relevant times herein, the above-named Defendants were "persons" for the purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Poe of his constitutional rights.

**RESPONSE**: Assert that the allegation contained therein call for legal

conclusions, to which these answering defendants need not respond further.

70. At all times material hereto, Defendants used unnecessary, excessive force, including but not limited to, grabbing, tackling, injuring his shoulder, and holding his legs down while he was laying on the ground with police officers on top of him.

**RESPONSE**: Deny that the defendants used any unnecessary, excessive force

against the plaintiff; deny any remaining allegations

71. That at the time the Defendants used excessive force there was no threat of death or serious bodily harm to the officers or anyone sitting in the hospital lobby.

**RESPONSE**: Deny that the defendants used excessive force; deny any

remaining allegations.

72. That the Defendants' conduct constituted excessive force without cause or justification in violation of Poe's Fourth Amendment Rights as incorporated by the Fourteenth Amendment and/or his equal protection rights guaranteed by the same Amendment.

**RESPONSE**: Deny that the defendants' conduct constituted excessive force in

violation of plaintiff's Fourth Amendment rights as incorporated by the Fourteenth

Amendment and/or his equal protection rights guaranteed by same amendment.

73. At all times material hereto, the Defendants were MPD Officers acting under the color of the statutes, customs, ordinances, and usage of the Milwaukee and MPD and were acting in the scope of their employment.

**RESPONSE**: Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants need not respond further. To the

extent the court requires an answer, deny.

74. That the described conduct of the part of the Defendants as set forth above was a cause of the Plaintiff's injuries, losses, and damages as set forth herein.

**RESPONSE**: Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants need not respond further.  To the extent the court requires an answer, deny.

75.    The Defendant, Milwaukee, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting with the scope of their employment when they committed the acts described above.

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.  To the extent the court requires an answer, deny.

## VII.    THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS MAUCH, BURLO, OHLSON, SCHAEFER, AND TERRELL - UNLAWFUL ARREST.

76.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**:  Restate as if fully stated herein the above answering paragraphs.

77.    At all relevant times herein, the above-named Defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Poe of his constitutional rights.

**RESPONSE**:  Assert that the allegation contained therein calls for legal conclusions, to which these answering defendants need not respond further.

78.    Defendants arrested Poe.

**RESPONSE**:  Admit that the defendants lawfully arrested plaintiff.

78.    Defendants did not have probable cause to arrest Poe because at no time could Poe's actions have led any of the Defendants to reasonably believe that a probable cause existed that Poe committed a crime.

**RESPONSE**:  Deny that the defendants lacked probable cause to arrest plaintiff; deny any remaining allegation.

80.    That the Defendants' conduct constituted a false arrest or unreasonable seizure and search of his person in violation of Poe 's Fourth Amendment Rights as incorporated by

19

the Fourteenth Amendment and/or his equal protection rights guaranteed by that same Amendment.

**RESPONSE**:  Deny that the defendants' conduct constituted a false arrest for unreasonable seizure and search of the plaintiff's person in violation of the Fourth Amendment as incorporated by the Fourteenth Amended and/or his equal protection rights as guaranteed by that same amendment.

81.    At all times material, the Defendants were MPD Officers acting under the color of the statutes, customs, ordinances, and usage of the Milwaukee and MPD and were acting in their scope of their employment.

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.  To the extent the court requires an answer, deny.

82.    That the described conduct on the part of the Defendants as set forth above was a cause of the Plaintiff s injuries, losses, and damages as set forth herein.

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.  To the extent the court requires an answer, deny.

83.    The Defendant, Milwaukee, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**RESPONSE**:  Assert that the allegation contained therein calls for legal conclusions, to which these answering defendants need not respond further.

## VIII. FOURTH CLAIM FOR RELIEF- SECTION 1983 FAILURE TO INTERVENE.

84.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

**RESPONSE**:  Restate as if fully stated herein the above answering paragraphs.

85.    By the time Defendants Mauch, Burlo, Schaefer, Ohlson, and Terrell all arrived on the scene, Poe had committed no crime and there was no reason to suspect that he was about to commit a crime, or in the process of committing any crime. Additionally, Poe was being cooperative with the police officers before the situation escalated.

**RESPONSE**:  Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants need not respond further.  To the

extent the court requires an answer; deny any remaining allegations.

86.    Before Poe suffered from the unlawful abuse and excessive use of force described above, the individual Defendants, individually and collectively, had many opportunities to intervene and prevent all the injuries and losses Poe suffered as a result of the unlawful conduct and excessive use of force.

**RESPONSE**:  Deny the defendants subjected the plaintiff to unlawful abuse

and/or excessive use of force, as alleged or otherwise; deny any remaining allegations.

87.    Before Poe was subjected to an unlawful arrest conducted without probable cause, as described above, the individual Defendants had many opportunities to intervene and prevent the injuries Poe suffered as a result of the unlawful arrest.

**RESPONSE**:  Deny the defendants subjected the plaintiff to unlawful arrest

without probable cause, as alleged or otherwise; deny any remaining allegations.

88.    The unlawful misconduct described in this claim was also undertaken pursuant to the de- facto policy and practice of the City of Milwaukee as described below.

**RESPONSE**:  Deny the defendant engaged in any unlawful misconduct; deny

any remaining allegations.

89.    As a result of the individual Defendant Officers' failure to intervene, the Milwaukee and MPD policies and practices, written or otherwise, Poe suffered injuries, losses and damages as set forth herein.

**RESPONSE**:  Deny.

90.    The Defendant Milwaukee is liable pursuant to Wis.  Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**RESPONSE**:  Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants need not respond further.  To the

extent the court requires an answer, deny.

## IX.    FIFTH CLAIM FOR RELIEF- MONELL CLAIM

91.    Plaintiff realleges and incorporates by reference all of the allegations in the preceding paragraphs.

**RESPONSE**:  Restate as if fully stated herein the above answering paragraphs.

92.    The acts of the individual Defendants, including unlawfully detaining Poe without any justification, was done in accordance with the Milwaukee and its Police Department's de-facto policy, regulation, decision or custom condoning excessive force in executing detainments, false arrests, and/or otherwise violating person's equal protection rights, including by the City's failure to adequately discipline the Defendant Officers for such violations. That these respective de-facto policies were officially adopted, expressly or implicitly, or promulgated or practiced or ratified by the Milwaukee, and as such constitute a de-facto governmental custom in such department, even though such custom may not have received written formal approval by the City, and even though such de- facto policies are inconsistent with or even violate MPD's written policies.

**RESPONSE**:  Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants need not respond further; deny any

and all remaining allegations.

93.    This official or de-facto policy or custom of utilizing excessive force and/or violating person's equal protection rights permitted, encouraged, tolerated, and ratified the actions of Defendants Mauch, Burlo, Ohlson, Schaefer, and Terrell all in malicious or reckless disregard or with deliberate indifference to Poe 's Fourth and Fourteenth Amendment Rights by, among others, the Defendant City's failure to adequately discipline the officers for their unlawful conduct.

**RESPONSE**:  Deny.

94.     That this official or de-facto policy and custom of utilizing excessive force and/or violating person's equal protection rights arose and/or was allowed to continue as a result of, among others, the Milwaukee and the MPD's failure to adequately supervise, discipline, and/or train its employees. Upon information and belief, some or all of the individual Defendants and other MPD officers had previously executed detainments against individuals in an unjustified manner, without being adequately disciplined and/or properly trained.

**RESPONSE**:  Deny.

95.     That the described conduct on the part of all the Defendants, was a cause of the plaintiff s injuries, losses and damages as set forth herein.

**RESPONSE**:  Deny.

96.     The Defendant Milwaukee is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**RESPONSE**:  Assert that the allegations contained therein call for legal

conclusions, to which these answering defendants needs not respond further.  To the

extent the court requires an answer, deny.

## X.     SEVENTH [sic] CLAIM FOR RELIEF

97.     Plaintiff realleges and incorporates by reference all the allegations in the preceding paragraphs.

**RESPONSE**:  Restate as if fully stated herein the above answering paragraphs.

98.     That the above-described conduct of all the individual Defendants was unlawful, extreme, malicious, outrageous and/or intentional.

**RESPONSE**:  Deny that the conduct of the defendants was unlawful, extreme,

malicious, outrageous and/or intentional.

99.     That such conduct was intended to cause Poe unnecessary and severe personal physical and psychological and emotional injuries.

**RESPONSE**:  Deny that the defendants' conduct was intended to cause the

plaintiff any unnecessary and/or severe personal physical and psychological and emotional injuries.

100.    That such conduct on the part of all the individual Defendants was a cause of the severe personal injuries, physical and psychological and emotional, suffered by Poe.

**RESPONSE**:  Deny.

101.    At all times material hereto, the individual Defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Poe or in an intentional disregard of his rights, such as to subject all the individual Defendants to punitive damages.

**RESPONSE**:  Deny that the defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards the plaintiff; deny that the defendants acted with any intentional disregard of the plaintiff's rights such that the defendants would be subjective to any punitive damages.

102.    The Defendant Milwaukee is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against this individual employee Defendant in this action because said Defendant was acting within the scope of his employment when he committed the acts described above.

**RESPONSE**:  Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further; to the extent the court requires an answer, deny.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses to Plaintiff's Complaint, Defendants Officers William Mauch, Nora Burlo, Daniel Schaefer, Olivia Ohlson, and James Terrell, allege and state as follows:

1.    Plaintiff's complaint fails to state a claim upon which relief may be granted;

2.      Any City of Milwaukee Police Officers, Supervisors or Officials acting in good faith, without malice, any pursuant to their duties as law enforcement officers, and are therefore immune from liability to the plaintiff pursuant to the doctrine of qualified immunity;

3.      The actions of any City of Milwaukee employee or agents of discretionary are quasi-judicial or quasi-legislative in nature, and are therefore immune from liability regarding any state law claims, pursuant to Wis. Stat. § 893.80;

4.      The amount of liability of the City of Milwaukee, if any relative to any state law claim, is limited pursuant to Wis. Stat. § 893.80;

5.      The Plaintiff failed to file the appropriate notice/claim document(s), and consistent with Wisc. Stat. §893.80, any state law claims are therefore barred;

6.      The Milwaukee Police Department is a sub-division of the City of Milwaukee, and is not itself a suable entity;

7.      The injuries and damages sustained by the plaintiff, if any, were caused in whole or in part by the acts or omission of the plaintiff; and

8.      Plaintiff has failed to mitigate his damages.

## JURY DEMAND

Defendants, Officers Olivia Ohlson, William Mauch, Nora Burlo, Daniel Schaefer, and James Terrell hereby demands a trial by jury.

WHEREFORE, defendants Officers William Mauch, Nora Burlo, Daniel Schaefer, James Terrell, Olivia Ohlson hereby demands judgment as follows:

A.      Dismissing the Complaint of the Plaintiff as against them on its merit, together with cost and disbursement; and

B.      For other and further relief that this Court deems just and equitable.

Dated at Milwaukee, Wisconsin this 17th day of October, 2022.

TEARMAN SPENCER
City Attorney

s/Christopher P. Jackson
CHRISTOPHER P. JACKSON
Assistant City Attorney
State Bar No. 1120992
*Attorneys for Defendants*
*City of Milwaukee, Officers Olivia Ohlson,*
*Daniel Schaefer, Nora Burlo,*
*William Mauch, and James Terrell*

**ADDRESS:**
200 E. Wells Street
CH 800
Milwaukee, WI  53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email:  cjackso@milwaukee.gov

1032-2022-1137/282223