UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**MICHAEL POE,**
    Plaintiffs

v.                                  **Case No: 22-CV-880**

**CITY OF MILWAUKEE,**
**SERGEANT CHANCE BAMBA,**
**OFFICER WILLIAM MAUCH,**
**OFFICER NORA BURLO,**
**OFFICER OLIVIA OHLSON,**
**OFFICER DANIEL SCHAEFER,** and
**OFFICER JAMES TERRELL,**

    Defendants.

---

**PLAINTIFF'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO ENFORCE SETTLEMENT AGREEMENT, SEEKING INTEREST, AS WELL AS FEES, COSTS NECESSARY TO COMPEL PAYMENT**

---

This matter was resolved with the above-captioned defendants on July 18, 2023. That same day, the plaintiff returned a signed release and provided it to the defendants' attorney. (D.40) On September 12, 2023, defense counsel advised the Court of the resolution and that she had agreed to tender payment upon receipt of the signed release. (D.39) Defense counsel also advised the Court that the matter was set for common council approval on September 19, 2023, and that:

> Funds will likely become available and transferred to the appropriate accounts within weeks of the Mayor's signature of the associated resolution.

(D.39:1) The common council approved of the settlement on September 19, 2023.[1] The mayor signed the common council's resolution on September 29, 2023:

---

[1] https://milwaukee.legistar.com/MeetingDetail.aspx?ID=1004420&GUID=C5A56248-48E8-4E34-9FA3-C663858EDAE8&Options=info%7C&Search=

> **From:** Williams, Jennifer <jewill@milwaukee.gov>
> **Sent:** Friday, September 29, 2023 10:46 AM
> **To:** James Gende <jamesg@jamesgendelaw.com>
> **Cc:** Rios Sein, Yasarina <yrioss@milwaukee.gov>
> **Subject:** RE: show_temp (7).pdf
>
> I can confirm this morning we received the signed resolution. Now we await funds from the Comptroller, and will update you accordingly.
>
> Thank you,
> Jennifer

More than three weeks later defense counsel and her clients have not tendered settlement funds.

Wis. Stat., §138.04, Legal rate, provides:

> The rate of interest upon the loan or forbearance of any money, goods or things in action shall be $5 upon the $100 for one year and according to that rate for a greater or less sum or for a longer or a shorter time; but parties may contract for the payment and receipt of a rate of interest not exceeding the rate allowed in ss. 138.041 to 138.056, 138.09 to 138.14, 218.0101 to 218.0163, or 422.201, in which case such rate shall be clearly expressed in writing.

A creditor is entitled to interest on a liquidated claim from the time payment was due by the terms of the contract and, if no time is specified, then from the time demand was made or from commencement of the action. *Estreen v. Bluhm*, 79 Wis. 2d 142, 255 N.W.2d 473 (1977).

In general, a court retains jurisdiction over a settled and dismissed case "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Bond v. Utreras,* 585 F.3d 1061, 1079 (7th Cir.2009) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391, (1994)). Retaining jurisdiction over the enforcement of a settlement agreement does not require a district court to use "any magic form of words" and instead "[a]ll that is necessary is that it be possible to infer that [the court] did intend to retain jurisdiction." *In re VMS Sec. Litig.,* 103 F.3d 1317, 1321 (7th Cir.1996) (quoting *McCall–Bey v. Franzen,* 777 F.2d 1178, 1188 (7th Cir.1985)). *See also Ford v. Neese,* 119 F.3d 560, 561–62 (7th

Cir.1997) (holding that a district court adequately stated its intention to retain jurisdiction to enforce a settlement agreement by "dismissing the suit 'without prejudice to reinstatement in the event that ...' " the terms of the settlement were not honored by the parties). No dismissal order has been entered. The Court continues to have jurisdiction to adjudicate matters in this case. Plaintiff is entitled to statutory interest, and requests attorney fees and costs for the necessity of holding defendants to their settlement agreement and repeated offers to tender weeks ago.

**WHEREFORE**, the plaintiff respectfully requests that the Defendants be compelled to pay the $150,000 settlement that was agreed to on July 18, 2023, including all accrued statutory interest, in addition to attorney fees and costs necessary that the Court is inclined to award for the necessity to file this enforcement action, as well as any other relief the Court deems appropriate.

Dated at Pewaukee, Wisconsin, this 20th day of October, 2023.

**GENDE LAW OFFICE, S.C.**
Attorneys for the Plaintiff

By: _____
James J. Gende II
State Bar No. 1030921

**MAILING ADDRESS:**
N28W23000 Roundy Dr., Ste.200
Pewaukee, WI 53072
Telephone: 262.970.8500
Facsimile: 262.970.7100
jgende@jamesgendelaw.com